UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRENT CHRISTOPHER BRYANT**                           **CIVIL ACTION**

**VERSUS**                                             **NO. 09-7345**

**LAFOURCHE PARISH DETENTION**                         **SECTION "B"(4)**
**CENTER, SHERIFF CRAIG WEBRE**

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual Background**

The plaintiff, Trent Christopher Bryant ("Bryant"), is an inmate housed in the Lafourche Parish Detention Center ("LPDC") in Thibodeaux, Louisiana. Bryant filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Lafourche Parish Detention Center and Lafourche Parish Sheriff Craig Weber seeking damages for the conditions of his confinement in that facility.

Bryant alleges that, on Cell Block B of the LPDC, there was sewage coming up through the floor drains, showers, and sinks. He alleges that this has caused him to contract a foot fungus. He

also believes that he may have caught flu like symptoms and stomach cramps from the sink water, which he claims tastes like sewage.

Bryant also claims that there is rust coming through the walls around the toilets and sinks. He further claims that the food hatch is rusty and has not been cleaned in months. He claims also that there is mildew in the showers and on the floors, yet the prisoners are not given cleaning supplies. Bryant states that the exhaust vents are dirty and dusty. He also indicates that he had to sleep on the floor for five days without bedding supplies, except a blanket. He further states that when he was given a mattress, it was old and nasty. He also claims that he had to wear the same uniform for 17 days. He states that it took one week to get a hygiene pack from the prison. He also claims that he only had recreation twice in 60 days. He further claims that there were 47 men housed in Cell Block E, because they removed the tables out of the day room to put in more beds.

Finally, in a list attached to his complaint, he itemizes these conditions and also adds that the inmates do not have access to medical request forms and grievance forms. He did not allege, however, that he was personally denied access to medical care for a particular serious medical need.

As relief, Bryant seeks compensation for cruel and unusual punishment and an order for the board of health to shut-down the prison. He also would like Sheriff Webre indicted for taxing stamps on envelopes.

## II. **Standard of Review for Frivolousness**

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to sua sponte dismiss cases filed by prisoners proceeding in forma pauperis upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th

Cir. 1993). However, the Court may not sua sponte dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.** **Analysis**

    **A.** **Lafourche Parish Detention Center Not a Proper Defendant**

Bryant brought this suit against the Lafourche Parish Detention Center. However, the detention center is not subject to suit and the claims against this entity are frivolous and fail to state a claim for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Under federal law, a county (or parish) prison facility is not a "person" within the meaning of Fed. R. Civ. P. 17. *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL

1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, the LPDC is not a proper defendant in this case.

Furthermore, a parish jail also lacks the capacity to sue or be sued under Louisiana law. In accordance with Fed. R. Civ. P. 17(b), Louisiana law governs whether a defendant can be sued.[1] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24 (2008).

Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage & Water Board of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be

---

[1] Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

> regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts,* 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter" that authorized the Lafayette City Council to institute a law suits on its own motion. *Bowen*, 649 So. 2d at 613.

In this case, state law divides responsibility for parish jails. The parishes are charged with their jails' physical maintenance. *See* La. Rev. Stat. Ann. § 15:702 (2009). However, the duty to administer and operate the jails falls on the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:704 (2009). The office of sheriff is a constitutional one in Louisiana, existing separately from parish government. La. Const., Art. 5, § 27; *see also Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. Ct. App. 1991) (holding that parish could not be liable for injuries attributed to sheriff). Under the *Roberts* framework, the Terrebonne Parish Criminal Justice Complex is not "legally empowered to do" anything independently of either Terrebonne Parish or the Terrebonne Parish Sheriff. *Roberts*,

634 So. 2d at 347. The jail is not a separate entity, but merely a shared branch or facility of these two greater entities.

For these reasons, the claims, if any, against the LPDC are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

### B. Claims Against Sheriff Webre

Bryant also names Sheriff Webre as a defendant because of his position as parish sheriff. His complaint is devoid of any allegation that the Sheriff was directly and personally involved in the events and conditions of which he complains at the jail.

"Prison conditions constitute cruel and unusual punishment if they involve the 'wanton and unnecessary infliction of pain [or if they are] grossly disproportionate to the severity of the crime warranting imprisonment.'" *Hamilton v. Lyons*, 74 F.3d 99, 103-04 (5th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Hutto v. Finney*, 437 U.S. 678, 687 (1978). Like other Eighth Amendment claims, a conditions of confinement claim must satisfy tests for both objective and subjective components. *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *accord Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991); *Downey v. Denton County*, 119 F.3d 381, 385-86 (5th Cir. 1997). To succeed on a claim of unconstitutional conditions of confinement, this Court "must ask if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a Constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303).

### 1. No Liability in a Supervisory Capacity

A supervisory official, like Sheriff Webre, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). The Sheriff may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Bryant does not allege that Sheriff Webre was present for, or personally involved in, the alleged concerns he has about the jail. Bryant also has not alleged that he has suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Sheriff which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Bryant names Sheriff Webre simply because he is the parish sheriff. Thus, Bryant's claims against Sheriff Webre are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e. Even if Bryant could state a claim against Sheriff Webre, his claims are still frivolous for the following reasons.

### 2. No Physical Injury Alleged

Bryant has not alleged that the conditions of the LPDC caused a physical injury for purposes of stating a claim under § 1983. For this reason, Bryant's claims are frivolous and otherwise fail to state a claim for which relief can be granted.

Under 42 U.S.C. § 1997e(e), an inmate cannot recover for "mental and emotional injury suffered while in custody without a prior showing of physical injury." The United States Fifth Circuit Court of Appeals, in interpreting this provision, has held that the phrase "physical injury" in § 1997e(e) means an injury that is more than *de minimis*, but it need not be significant. *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quoting *Harper*, 174 F.3d at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (where the Fifth Circuit first set forth its § 1997e(e) definition of physical injury)).

In this case, Bryant has failed to allege such an injury. At the *Spears* Hearing he suggested that the unclean water on the floor and the conditions of his cell may have caused him to suffer stomach aches and to contract a rash. In *Alexander*, the Fifth Circuit held that vomiting and nausea were *de minimis* injuries and were insufficient for recovery under § 1997e(e)). *Alexander*, 351 F.3d at 631. Thus, any temporary or occasional stomach discomfort would not suffice to state a physical injury under § 1915e(e). The same is true of his discomfort from the alleged foot rash and flu like symptoms which he "may" have contracted from the water in the cell. *Galo v. Blanco*, No. 06-4290, 2006 WL 2860851, at *4 (E.D. La. Oct. 4, 2006) (Engelhardt, J.) (Order adopting Report and Recommendation) (scrapes and rash were *de minimis* injuries); *Myers v. Valdez*, No. 3-05-CV-1799-L, 2005 WL 3147869, at *2 (N.D. Tex. Nov. 17, 2005) (allegations of pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash and discomfort

insufficient to establish "physical injury"); *Ervin v. Hill*, No. 3-05-CV-1651-K, 2005 WL 37442791, at *3 (N.D. Tex. Nov. 10, 2005) (flu like symptoms do not constitute a "physical injury"); *accord Kennedy v. Dallas Police Dep't*, No. 06-CV-0716-G, 2007 WL 30260, at *4 (N.D. Tex. Jan. 4, 2007) (Order adopting Report and Recommendation) (flu like symptoms do not constitute "serious harm" necessary to establish an Eighth Amendment violation).

For these reasons, Bryant's claims against Sheriff Webre are frivolous and otherwise fail to state a claim for which relief can be granted. Even if Bryant could link more than a *de minimis* injury to the conditions of his confinement, his claims are still frivolous for the following reasons.

### 3. **Unsanitary Living Conditions**

Bryant complains that the living conditions of the facility were substandard, because his cell was dirty with unclean water on the floor, mold and rust, and dirty vents. The conditions described by the plaintiff, while plainly not comfortable or pleasant, do not rise to a level of seriousness constituting a constitutional violation.

Bryant alleges no serious harm or risk of serious harm in the constitutional sense, and the court can perceive none under the circumstances described in the plaintiff's claims. Short term sanitation problems, although admittedly unpleasant, do not amount to constitutional violations. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Ill. State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex.1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir.1986)); *accord Benshoof v. Layton*, No. 09-6044, 2009 WL 3438004, at *4 (10th Cir. Oct. 27, 2009); *Gates v. Cook*, 376 F.3d 323, 342 (5th Cir. 2004).

9

None of Bryant's allegations about the conditions at LPDC establish constitutional violations. *See Davis*, 157 F.3d at 1006 (no constitutional injury when plaintiff was confined in "filthy" cell for three days) (citing *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no Eighth Amendment violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell)); *Causey v. Allison*, No. 08CV155-RHW, 2008 WL 4191746, at *1 (S .D. Miss. Sept. 9, 2008) (no Eighth Amendment violation where prisoner claimed black mold was growing in the shower but "admits that he has had no medical problems resulting from the black mold"); *McIntyre v. Phillips*, No. 07-527, 2007 WL 2986470, at *2-4 (W.D. Mich. Sept. 10, 2007); *Eady v. Head*, No. CIVASA04CA0648 NN, 2006 WL 2663776, at *3 (W.D. Tex. Sept. 15, 2006) ("Going without a shower and being exposed to the foul smell of a backed-up shower for two days on two separate occasions does not show deliberate indifference to Plaintiff's basic human needs or constitute cruel and unusual punishment in violation of the Eighth Amendment.").

Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir.1982). Courts have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Talib*, 138 F.3d at 215 (citing *Rhodes*, 452 U.S. at 349); *accord Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008). Here, the plaintiff does not allege that he has suffered any injury, other than inconvenience, as a result of the conditions of his cell.

For the foregoing reasons, Bryant's complaint about the conditions of his confinement falls short of stating a constitutional violation, and this claim must also be dismissed as frivolous pursuant to § 1915, § 1915(e), § 1915A, and § 1997e.

**4.     Denial of a Bedding Supplies**

Bryant also alleges that he was without bedding supplies, except a blanket, for a few days after he arrived at the overcrowded LPDC. He has not alleged a substantial risk of serious harm in the constitutional sense from the temporary lack of a bed or mattress.

The federal courts have repeatedly held that the deprivation of bedding for a limited period of time is <u>not</u> per se unconstitutional. *See Grissom v. Davis*, No. 02-1916, 2003 WL 343248, at *2 (6th Cir. Feb. 12, 2003) (seven days without mattress, sheets or blanket was not a deprivation of basic human needs and did not cause plaintiff to suffer serious harm); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 84 (8th Cir. 1996) (sleeping without mattress or blanket for four days on a concrete slab in cell located ten feet from exterior door during winter did not deny plaintiff the minimal civilized measures of life's necessities); *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) (placement in strip cell without clothes, running water, mattress or blanket for two days was not unconstitutional when there was no evidence that inmate suffered any injury or adverse health consequences or that jail officials knew of and disregarded an excessive risk to his health and safety); *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (placement in strip cell without clothes, running water, mattress, pillow, sheets or blanket for four days, when plaintiff sought no treatment for any resulting medical condition or injury, was not unconstitutional). The provision of bedding is within those matters committed to prison administrators' sound discretion. *Kot v. Matty*, No. 90-7644, 1991 WL 246906, at *2 (E.D. Pa. Nov. 15, 1991), *aff'd*, 980 F.2d 723 (3d Cir. 1992).

Bryant alleges no serious harm or risk of serious harm in the constitutional sense, and the court can perceive none under the circumstances described in plaintiff's written submissions, from being deprived of a mattress for less than a week's time, despite his minor discomfort. *Carter v.*

11

*Strain*, No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009) (citing *McAllister v. Strain*, No. 08-5174, 2009 WL 500560, at *2-3 (E.D. La. Feb. 25, 2009); *Desroche v. Strain*, 507 F. Supp. 2d 571, 580-81 (E.D. La. 2007) (Feldman, J.)).

Bryant's claim is frivolous and fails to state a claim upon which relief can be granted under § 1983. It must be dismissed pursuant to § 1915(e), § 1915A, and § 1997e.

### 5. **Inadequate Recreation**

Bryant also complains that he only had recreation twice in two months. This complaint also is frivolous and fails to state a claim.

Inmates have no protected liberty interest in specific recreational opportunities and the "[d]eprivation of exercise is not a per se constitutional violation." *Lewis v. Smith*, 277 F.3d 1373, No. 00-31371, 2001 WL 1485821, at *1 (5th Cir. Nov. 13, 2001) (Table, Text in Westlaw) (citing *Stewart v. Winter*, 669 F.2d 328, 336 n.19 (5th Cir. 1982); *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir.1977)); *accord Sampson v. Corr. Corp.*, No. 08-CV-0915, 2009 WL 837640, at *16 (W.D. La. Mar. 26, 2009) (citing *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Beck v. Lynaugh*, 842 F.2d 757, 762 (5th Cir. 1988); *Lato v. Attorney Gen.*, 773 F. Supp. 973, 978 (W.D. Tex.1991)). "[W]hat is constitutionally required, however, is that [the prisoner] not be confined for long periods without the opportunity for regular physical exercise." *Lewis*, 2001 WL 1485821, at *1 (citing *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir.), *amended in part*, *vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982)). Thus, to succeed on a claim under § 1983 for lack of exercise, a prisoner must set forth facts sufficient to "support the existence of any health hazard under the specific circumstances involved." *Ruiz*, 679 F .2d at 1152; *accord Delaney v. DeTella*, 256 F.3d 679, 684

(7th Cir. 2001); *Ordaz v. Lynaugh*, 20 F.3d 1171, No. 93-4290, 1994 WL 144882, at *4 (5th Cir. Apr. 15, 1994) (Table, Text in Westlaw); *Green*, 801 F.2d at 771. Bryant has not met this burden.

Also, to state a claim under § 1983, the plaintiff must also allege an actual injury caused by defendants' acts. *See Brock v. Sparkman*, 101 F. App'x 430, 431 (5th Cir. 2004) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986)) (prisoner who had bumps and bruises from repeatedly hitting his head on bunk bed had no cognizable injury); *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (excessive force claim dismissed as frivolous when prisoner suffered no injury); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (claims properly dismissed when plaintiff alleged insufficient causal connection between defendants' conduct and the claimed assault, and when plaintiff did not allege constitutional harm); *Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 602 (5th Cir. 1988) (citing *Memphis Cmty. Sch. Dist.*, 477 U.S. at 307) (§ 1983 is designed to compensate persons for actual injuries caused by deprivation of constitutional rights); *Jefferson v. City of Hazelhurst*, 936 F. Supp. 382, 386 (S.D. Miss. 1995) (To state a claim under § 1983, plaintiff must plead "a direct causal connection . . . without intervening factors, between the deprivation and some injury to plaintiff.").

Bryant fails to establish any constitutional violation arising from his exercise opportunities at LPDC. He identified no particular injuries suffered as a result of lack of recreation opportunities. Bryant has not alleged that he was totally deprived of outdoor recreation for any significant time period or that he suffered any physical injury or violation of his constitutional rights of any kind as a result of the alleged limitations on outdoor exercise. *See Hernandez*, 522 F.3d at 560 (Inmate who alleged that he was deprived of outdoor and out-of-cell exercise for thirteen months while in lockdown and that he suffered muscle atrophy, stiffness, loss of range of motion, and depression

failed to show either that he was placed at substantial risk of serious harm or that he suffered a serious illness or injury sufficient to constitute an Eighth Amendment violation.); *Ordaz*, 1994 WL 144882, at *4 (plaintiff failed to state a constitutional violation resulting from denial of recreation when he failed to allege health impairment or physical injury).

Thus, Bryant fails to state a cognizable § 1983 claim. This claim must also be dismissed as frivolous pursuant to § 1915(e), § 1915A, and § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that Bryant's §1983 claims against the defendants, the Lafourche Parish Detention Center and Sheriff Craig Weber, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 21st day of April, 2010.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.